**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Justin Lynn Victory, | Case No. 2:24-cv-00978-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Bank of America, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 15). Plaintiff also submitted a complaint. (ECF No. 1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not allege a claim upon which relief can be granted, it dismisses the complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 15). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complement that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiff sues Bank of America; Bank of America Bank Manager Ashlee Andrews; the Las Vegas Metropolitan Police Department ("LVMPD"); and LVMPD Officer C. LaRose.  (ECF No. 1 at 2).  He alleges that he arrived at Bank of America on August 2, 2023, to deposit a cashier's check.  (*Id.*).  However, Andrews called LVMPD and made "false allegations," which led to Officer LaRose arriving on the scene and injuring Plaintiff while arresting him.  (*Id.*).  Plaintiff claims to have then spent twenty days in jail until he obtained bail.  (*Id.* at 3).  He claims to have lost his car, his home, and $30,000 for his bail as a result of his detention.  (*Id.*).  On August 23, 2023, Plaintiff went back to the Bank of America to retrieve his cashier's check, but Andrews informed him that "the check went back to [Bank of America]."  (*Id.* at 4).  Plaintiff seeks damages and injunctive relief in the form of the Court ordering Bank of America to reinstate his banking privileges.  (*Id.* at 6).

### A.     First cause of action.

Plaintiff brings his first cause of action under the Fourth Amendment and against Bank of America, alleging that the company is liable for the actions of Andrews under the doctrine of *respondeat superior* and Nevada Revised Statute ("NRS") 41.130.  (*Id.* at 3).  Plaintiff asserts that Bank of America is responsible for Andrews' "false allegations" and, as a result, for Plaintiff's subsequent arrest, injuries, and loss of property while in jail.  Plaintiff also alleges that Bank of America unlawfully retained his cashier's check.

Plaintiff's claim fails for three reasons.  First, because he has not alleged that Bank of America is a state actor and Bank of America is thus not liable under 42 U.S.C. § 1983.  Second, because there is no *respondeat superior* liability under § 1983.  And third, because this Court

1  lacks jurisdiction to determine Plaintiff's claims arising under NRS 41.130 and any state law

2  claims he brings related to the bank's retention of his cashier's check.

3      First, Plaintiff's Fourth Amendment claim arises under 42 U.S.C. § 1983, which provides

4  a mechanism to enforce rights secured by the Constitution and laws of the United States. *See*

5  *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002).  But to state a claim under § 1983, the

6  plaintiff must allege a violation of his constitutional rights by a defendant acting under color of

7  state law. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).  A defendant acts under color of

8  state law if the defendant "exercises power possessed by virtue of state law and made possible

9  only because the wrongdoer is clothed with the authority of state law." *Perez-Morciglio v. Las*

10 *Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1100, 1106 (D. Nev. 2011) (quoting *West v. Atkins*,

11 487 U.S. 42, 49 (1988) (alterations omitted)).  Here, Plaintiff has not alleged that Bank of

12 America was acting under state law when it employed Andrews.  Plaintiff thus fails to state a

13 claim under 42 U.S.C. § 1983.

14     Second, even if Plaintiff did allege that Bank of America was a state actor, there is no

15 *respondeat superior* liability under 42 U.S.C. § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045

16 (9th Cir. 1989).  To hold a wrongdoer liable for damages, the wrongdoer must personally cause

17 the violation. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  Here, Plaintiff does not

18 allege that Bank of America directly took any actions—other than employing Andrews—that

19 caused his damages.  Plaintiff thus fails to state a claim under 42 U.S.C. § 1983.

20     Third, as outlined above and in the remainder of this order, Plaintiff fails to allege any

21 claims arising under the Constitution or federal law.  As a result, this Court lacks jurisdiction to

22 decide his claim for *respondeat superior* under NRS 41.130 and any state law claim related to the

23 bank's retention of his cashier's check.[1]  This is because, federal courts—like this Court—must

24

25

---

[1] Plaintiff does not explicitly reference any state law claims related to his cashier's check, but he
26 could potentially allege a state law claim for conversion.  The elements of conversion are: (1) the
defendant committed a distinct act of dominion wrongfully exerted over the plaintiff's personal
27 property; (2) the act was in denial of, or inconsistent with, the plaintiff's title or rights therein; and
(3) the act was in derogation, exclusion, or defiance of the plaintiff's title or rights in the personal
28 property. *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000).

have jurisdiction to hear a case.  Generally speaking, there are two types of jurisdiction a federal court may have over a civil case: (1) federal question jurisdiction; and (2) diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  The first type of jurisdiction—federal question jurisdiction—exists when a civil action arises "under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.[2]  This is the type of jurisdiction that Plaintiff invokes in his complaint.  But because Plaintiff does not allege any colorable federal claims, he does not properly invoke this type of jurisdiction.   The second type of jurisdiction is known as "diversity jurisdiction" and exists "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  *See* 28 U.S.C. § 1332(a).  But Plaintiff provides no information about any Defendant's citizenship.  So, although Plaintiff alleges $30 million in damages, he does not allege that he is a citizen of a different state from each of the Defendants.  As a result, the Court lacks supplemental jurisdiction[3] over Plaintiff's state law claims.  The Court thus dismisses Plaintiff's first cause of action without prejudice and with leave to amend.

### B.   Second cause of action.

Plaintiff also brings his second cause of action under the Fourth Amendment against Andrews for her "false accusations" leading up to Plaintiff's arrest, his injuries, the loss of his cashier's check, and the loss of his property.  Plaintiff asserts that Andrews violated her duty to follow the Constitution.  However, Plaintiff's claims against Andrews fail because he does not allege that she was a state actor.  As outlined above, to be liable under 42 U.S.C. § 1983, a plaintiff must allege that the defendant was acting under color of state law.  And here, he does not.

---

However, even if the Court were to liberally construe Plaintiff's complaint as bringing a conversion claim, the Court would lack the ability to exercise supplemental jurisdiction over it.

[2] As outlined above, cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).

[3] Under 28 U.S.C. § 1367(a), if a Court has diversity or federal question jurisdiction over a case, the Court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Additionally, Plaintiff does not provide sufficient facts about what happened for this Court to liberally construe a colorable claim. Plaintiff simply alleges that Andrews called the police on him and made certain "false allegations" without explaining the context for her call or even what she said. Other than stating that he arrived at the Bank of America, he does not explain what prompted Andrews to call the police or why her allegations were false. The Court thus dismisses Plaintiff's second cause of action without prejudice.

### C.      *Third cause of action.*

Plaintiff brings his third cause of action under the Eighth Amendment against Officer LaRose and the LVMPD. He alleges that LVMPD is liable for Officer LaRose's actions under the doctrine of *respondeat superior* and NRS 41.130. Plaintiff asserts that, although he had legitimate business at Bank of America, Officer LaRose assaulted him, causing him physical and mental injury. Plaintiff claims that Officer LaRose hit him multiple times, landing blows to Plaintiff's head, and leaving Plaintiff without hearing in his left ear and with blood pouring from his right eyebrow.

Plaintiff's claim fails for three reasons. First, as outlined above, there is no *respondeat superior* liability under 28 U.S.C. § 1983 and Plaintiff has not alleged that LVMPD had a policy or custom that resulted in the Constitutional violation Plaintiff alleges. Second, and again, to the extent Plaintiff brings his *respondeat superior* claim under NRS 41.130, the Court lacks jurisdiction to decide this state law claim. Third, Plaintiff's claims more appropriately arise under the Fourth Amendment as false arrest and excessive force claims. But even if the Court liberally construed Plaintiff's complaint to bring those claims, Plaintiff did not provide sufficient factual detail for those claims to be colorable.

First, as discussed above, there is no *respondeat superior* liability under 28 U.S.C. § 1983. And while LVMPD may be liable under 42 U.S.C. § 1983 if its policies were the "moving force behind the constitutional violation," Plaintiff has not alleged that Officer LaRose was following any LVMPD policy in arresting him. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (internal citations omitted) (cleaned up). So, Plaintiff's *respondeat superior* claim under 28 U.S.C. § 1983 fails.

1    Second, Plaintiff cannot bring his claims under NRS 41.130 here in federal court because

2    he has not alleged a basis for this Court's diversity or federal question jurisdiction over this case.

3    As a result, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.

4    Plaintiff's *respondeat superior* claim against LVMPD under NRS 41.130 also fails.

5        Third, Plaintiff's claims against Officer LaRose more appropriately arise under the Fourth

6    Amendment, and not the Eighth Amendment.  But even if the Court construed Plaintiff as raising

7    Fourth Amendment claims, they would fail.  The Eighth Amendment prohibits cruel and unusual

8    punishment, but only applies to protect convicted detainees, not pretrial detainees.  *See Frost v.*

9    *Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (explaining that "[c]laims by pretrial detainees are

10   analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth

11   Amendment.").  Plaintiff allegations stem from his arrest, not from any incidents post-conviction,

12   so his claims do not arise under the Eighth Amendment.

13       Plaintiff's claims appear to arise under the Fourth Amendment—which guarantees

14   security from unreasonable searches and seizures—as claims for false arrest and excessive force.

15   *See Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992).  To allege a claim for false

16   arrest under the Fourth Amendment, a Plaintiff must allege that officers arrested him without

17   probable cause or justification.  *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir.

18   2015).  However, Plaintiff does not allege sufficient factual detail about his arrest for the Court to

19   conclude that it was without probable cause.  Although Plaintiff alleges that Andrews made a

20   false allegation when calling the police, he does not allege what she said, why it was false, or why

21   Officer LaRose should have known that it was false when arresting Plaintiff.  So, Plaintiff does

22   not allege a colorable claim for false arrest under the Fourth Amendment.

23       To allege a claim for excessive force under the Fourth Amendment, a Plaintiff must allege

24   that the force an officer used was unreasonable under the circumstances.  *See Smith v. City of*

25   *Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (explaining that "[a]ll claims that law enforcement

26   officers have used excessive force—deadly or otherwise—in the course of an arrest must be

27   analyzed under the Fourth Amendment and its 'reasonableness' standard.") (citing *Graham v.*

28   *Connor*, 490 U.S. 386, 395 (1989)).  The reasonableness analysis requires balancing the "nature

and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Id.* Here, again, Plaintiff does not provide enough factual detail for the Court to determine whether Officer LaRose's actions were reasonable. So, he does not allege a colorable claim for excessive force under the Fourth Amendment. Because Plaintiff has not alleged a colorable claim in his third cause of action, the Court dismisses it without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 15) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Justin Lynn Victory, Inmate No. 1278198**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1) on the docket but shall not issue summons.

1    **IT IS FURTHER ORDERED** that the complaint (ECF No. 1) is **dismissed without**

2  **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

3  Plaintiff will have until **November 14, 2024,** to file an amended complaint if the noted

4  deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed

5  that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended

6  complaint complete.  This is because, generally, an amended complaint supersedes the original

7  complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference

8  to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no

9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

11  **Failure to comply with this order will result in the recommended dismissal of this case.**

12

13    DATED: October 15, 2024

14

15  _____

16  DANIEL J. ALBREGTS
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28