# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Justin Lynn Victory,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C. LaRose,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00978-JAD-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. The Court dismissed his first complaint without prejudice and with leave to amend. (ECF No. 16). Plaintiff filed an amended complaint, which the Court screens. Because the Court finds that Plaintiff has not stated a claim upon which relief can be granted, it dismisses Plaintiff's complaint without prejudice and with leave to amend.

**I.       Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II. Screening the complaint.

Plaintiff sues Las Vegas Metropolitan Police Officer C. LaRose. (ECF No. 19 at 2). Plaintiff alleges that he went to Bank of America on August 2, 2023, to deposit a check. (*Id.*). After waiting ten minutes without being helped, Plaintiff told bank staff that he would be right back and left to go to his car to have a cigarette. (*Id.* at 2-3). While walking to his car, Officer LaRose called Plaintiff's name twice. (*Id.*). Plaintiff then alleges that Officer LaRose then assaulted him and Plaintiff "was forced to defend [himself] due to no verbal command [he] had no idea who attacked [him]." (*Id.*). Plaintiff alleges that his rights "were surely violated." (*Id.*). Plaintiff brings one cause of action against Officer LaRose for unreasonable search and seizure in violation of his Fourth Amendment rights. (*Id.*).

First, Plaintiff's Fourth Amendment claim arises under 42 U.S.C. § 1983, which provides a mechanism to enforce rights secured by the Constitution and laws of the United States. *See Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002). The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Whether a search or seizure is at issue, the relevant inquiry under the Fourth Amendment is one of reasonableness—"[t]he Fourth amendment does not proscribe all state-initiated searches; it merely proscribes those which are unreasonable." *See Warkentine v. Soria*, 152 F.Supp.3d 1269,1282 (E.D. Cal. Jan. 21, 2016) (quoting *Florida v. Jimeo*, 500 U.S. 248, 250 (1991)). Whether a seizure is unreasonable under the Fourth Amendment depends upon the particular facts and circumstances. *Id.* (citing *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005)).

Here, Plaintiff does not allege sufficient factual detail for the Court to determine whether he has alleged a plausible Fourth Amendment unreasonable search and seizure claim. Plaintiff does not even allege that Officer LaRose conducted a search or seizure. Plaintiff only provides conclusory allegations that Officer LaRose "assaulted" Plaintiff and that his "rights were surely violated" without describing what actually happened other than stating that Officer LaRose called his name twice. Without more, the Court cannot find that Plaintiff has alleged a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that the amended complaint (ECF No. 19) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **January 22, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.** The Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: December 23, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE