**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Justin Lynn Victory, | Case No. 2:24-cv-00978-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| C. LaRose, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. The Court dismissed both his initial and his first amended complaints without prejudice and with leave to amend. (ECF Nos. 16, 25). Plaintiff filed a second amended complaint, which the Court screens. (ECF No. 27). Because the Court finds that Plaintiff has not stated a claim upon which relief can be granted, it dismisses Plaintiff's complaint without prejudice and with leave to amend. Also before the Court is Plaintiff's motion to preserve evidence. (ECF No. 30). Because Plaintiff has not met his pleading burden, the Court denies Plaintiff's motion as premature.

**I.    Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.    Screening the complaint.

Plaintiff has amended his complaint for the second time.  He sues Las Vegas Metropolitan Police Officer C. LaRose.  (ECF No. 27).  Plaintiff states that, on August 2, 2023, he went to a Bank of America branch for "ligitamate [sic] banking affairs[.]"  (*Id.* at 2).  At some point during his visit, Plaintiff stepped outside to smoke a cigarette.  (*Id.* at 4).  While outside the Bank, Plaintiff claims to have been "attacked" by Officer LaRose, who Plaintiff alleges was responding to a false allegation by a Bank of America manager.  (*Id*).  Plaintiff does not describe the attack or false allegations levied against him.  But Plaintiff asserts that he sustained injuries and spent twenty days in jail following the incident.  (*Id*).  Plaintiff alleges that Officer LaRose violated his Fourth and Eighth Amendments rights during this encounter.  (*Id*).

### A.    Legal standard for constitutional claims.

Plaintiff's claims arise under 42 U.S.C. § 1983,[1] which provides a mechanism by which litigants may enforce their rights secured by the Constitution and other laws of the United States.  *See Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002).  The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures…"  U.S. Const. amend. IV.  Whether a search or seizure is at issue, the relevant inquiry under the Fourth Amendment is one of reasonableness—"[t]he Fourth amendment does not proscribe all state-initiated searches; it merely proscribes those which are unreasonable."  *See Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1282 (E.D. Cal. Jan. 21, 2016)

---

[1] Plaintiff invokes the *Bivens* doctrine as the mechanism for bringing his claims.  However, as Plaintiff alleges, Officer LaRose was acting under state law during this encounter, making § 1983 the operative law under which Plaintiff can bring his constitutional claims.  *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) ("§ 1983 affords a "civil remedy" for deprivations of *federally* protected rights caused by persons acting under color of *state* law…" (emphasis added)).  In *Bivens*, the Supreme Court authorized civil suits for violations of constitutional rights by *federal* agents.  *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* therefore does not apply to state agents violating constitutional rights.  *See id.*

(quoting *Florida v. Jimeo*, 500 U.S. 248, 250 (1991)). Whether a seizure is unreasonable under the Fourth Amendment depends upon the particular facts and circumstances of each case. *Id.* (citing *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005)).

The Eighth Amendment establishes that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Eighth Amendment violations occur after a person has been detained *and convicted* by the government; the law is a preventative for inhuman or unfair treatment to those in custody. *See, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

As the Eighth Amendment only applies to individuals who have been detained and convicted, the Court liberally construes Plaintiff's complaint to be more accurately describing a claim for a violation of the Fourteenth Amendment. The Fourteenth, unlike the Eighth, prohibits the punishment (of any type) of pretrial detainees. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); U.S. Const. amend. XIV. A pretrial detainee may allege a claim arising under the Fourteenth Amendment if the pretrial detainee challenges the conditions to which they are subjected during their detention. *See, e.g.*, *Demery v. Arpaio*, 378 F.3d 1020, 1023 (9th Cir. 2004) (holding that internet-connected webcams broadcasting views of pretrial detainees within the holding facility violated the Fourteenth Amendment).

### B. Discussion.

Here, Plaintiff has not stated his allegations with sufficient factual detail for this Court to determine whether Plaintiff has stated a claim upon which relief can be granted. Plaintiff has neither alleged that Officer LaRose conducted a search or seizure in violation of the Fourth Amendment, nor that Officer LaRose subjected Plaintiff to cruel and unusual punishments while detained after conviction in violation of the Eighth Amendment, nor that Plaintiff was punished while detained pretrial in violation of the Fourteenth Amendment. Plaintiff only alleges that he was "attacked" without providing detail and concludes that "C. LaRose violate[d] my 8th

Amendment as well on top of my 4th Amendment." (ECF No. 27 at 4).  As outlined above, while factual allegations are accepted as true in a complaint, legal conclusions are not.  Plaintiff has not given this Court sufficient facts about the interaction with Officer LaRose to determine whether Plaintiff has a cognizable claim under the Fourth, Eighth, or Fourteenth Amendments.

### C. Standard for dismissal.

The Federal Rules of Civil Procedure instruct courts to "freely give leave [to amend complaints] when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Ninth Circuit further instructs that district courts must give the plaintiff leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*).  District courts must "provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

Plaintiff has had two previous opportunities to amend his complaint, each time with exhaustive explanation regarding the reasoning behind the previous dismissals.  Plaintiff was informed that the Court cannot refer to prior pleadings to make amended complaints complete.  Yet Plaintiff has again failed to include sufficient facts for this Court to determine whether Officer LaRose's actions violated Plaintiff's constitutional rights during the incident on August 2, 2023.  Because it is not absolutely clear that amendment will not cure the deficiencies in Plaintiff's complaint, the Court dismisses the complaint without prejudice and with leave to amend, so that Plaintiff may amend if he wishes.  If Plaintiff chooses to amend, he is instructed to include as many facts as he possesses, and to provide the Court with details regarding the confrontation with Officer LaRose.

### III. Plaintiff's motion to preserve evidence.

Plaintiff has filed a motion to preserve evidence, in which motion he stresses that he requires Officer LaRose to preserve evidence after the "statutes [sic] of limitation expire."  (ECF No. 30).  A statute of limitations is a "law that bars claims after a specified period; specif[ically],

a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Statute of Limitations*, *Black's Law Dictionary* (12th ed. 2024). It has no bearing upon the evidence which may or may not be used in a trial. The duty to preserve evidence begins when a party knows, or reasonably should know, that such evidence would likely be requested in reasonably anticipated litigation. *See Peck v. Nevada*, No. 2:18-cv-00237-APF-VCF, 2018 WL 3845153, at *3 (D. Nev. Aug. 13, 2018) (defendants notified to preserve video evidence through filing of lawsuit); *Stedeford v. Wal-Mart Stores, Inc.*, No. 2:14-cv-01429-JAD-PAL, 2016 WL 3462132, at *5, 10 (D. Nev. June 24, 2016) (finding defendants should reasonably have anticipated litigation resulting from injury in store requiring medical attention, and therefore had duty to preserve relevant evidence).

Here, Plaintiff's motion to preserve evidence is premature. Plaintiff has not met his pleading burden of demonstrating to the Court that he has a viable claim. And the Court will not consider issues of evidence and discovery until he has met that burden.

**IT IS THERFORE ORDERED** that the second amended complaint (ECF No. 27) is **dismissed without prejudice and with leave to amend** for failure to state a claim upon which relief can be granted. Plaintiff has until **July 14, 2025**, to amend his complaint if he so wishes. Plaintiff is cautioned that failure to comply with this order, or failure to remedy the deficiencies in his complaint, will result in the recommended dismissal of this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve evidence (ECF No. 30) is **denied** without prejudice as premature.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: June 13, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE